**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Andrew Terrell Jenkins, | ) | Criminal No. 1:05-1223-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Andrew Terrell Jenkins ("Petitioner") brings a motion to vacate and correct his original sentence, pursuant to 28 U.S.C. § 2255. ECF No. 56. Petitioner argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), he no longer qualifies as an armed career criminal, as defined by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner was sentenced to 188 months as to Count 1 on November 8, 2006,[1] based in part on the application of an armed career criminal enhancement in light of three previous convictions. ECF No.43. However, Petitioner asserts that two of these three predicate offenses no longer trigger an ACCA enhancement. According to *Johnson* and *McLeod,* Petitioner argues**,** his two prior convictions for third degree burglary no longer qualify as "violent felonies" under the ACCA. The Government has filed a response to Petitioner's motion in which it agrees that Petitioner's sentence should be vacated.

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under Section 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the

---

[1] Petitioner was also sentenced to 120 months as to Count 2, to run concurrently with his sentence for Count 1.

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b).

In light of the recent change in law announced in *Johnson* and *McLeod*, the court finds that Petitioner has successfully shown that his sentence should not have been enhanced under the ACCA. Petitioner's sentence is therefore **VACATED AND SET ASIDE**, and Petitioner shall be **RESENTENCED**. The court will conduct a resentencing hearing determine the issues and make findings of fact and conclusions of law, pursuant to 28 U.S.C. § 2255(b).

This order renders Petitioner's Emergency Motion for Bond Hearing and Order Authorizing Release Pending a Decision on Motion for Relief (ECF No. 59) moot.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 30, 2016
Columbia, South Carolina